(75 South. 963)

GALE–HOOPER CO. v. RICE. (8 Div. 8.)

(Supreme Court of Alabama. May 17, 1917.)

1. BILLS AND NOTES ⬤=503—ADMISSIBILITY OF EVIDENCE—CONSIDERATION.

In an action on a protested check, executed in part performance of an agreement under which defendant was to give his own check and notes in payment of notes of a corporation of which he was president, and whereby plaintiff, according to defendant's claim was to transfer and send the notes to defendant, but according to plaintiff's claim was to cancel or return them, a letter, dated subsequently to agreement, in which plaintiff's agent promises to send the defendant the old notes, was admissible as tending to corroborate defendant's testimony as to what the agreement was.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1733–1739.]

2. APPEAL AND ERROR ⬤=1051(1)—EXCLUSION OF EVIDENCE—HARMLESS ERROR.

In an action on a protested check, executed in part performance of an agreement under which defendant was to pay notes of a corporation of which he was president, sustaining objection to a question put to defendant on cross-examination as to who owned stock of corporation, was harmless, where ownership was otherwise shown.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161, 4162, 4165, 4166.]

Appeal from Circuit Court, Lauderdale County; C. P. Almon, Judge.

Action by Gale-Hooper Company against S. D. Rice. From judgment for defendant, plaintiff appeals. Transferred from Court of Appeals under Acts 1911, p. 450, § 6. Affirmed.

Ashcraft & Bradshaw, of Florence, for appellant. Mitchell & Hughston, of Florence, for appellee.

GARDNER, J. Suit upon a protested check for $100 on the First National Bank of Florence, Ala., given by appellee to appellant in part payment of an indebtedness of the Rice Hardware Company, a corporation, to plaintiff, the Gale-Hooper Company which in-

debtedness was evidenced by notes. The defendant, S. D. Rice, was president of the Rice Hardware Company. The check was given February 11, 1915, but was postdated March 3, 1915. The defendant insisted that at the time he gave the check he also executed two notes payable to plaintiff in settlement of a debt due by the corporation of which he was president, doing so under the express agreement with one Homer Sewell, representing the plaintiff, and with whom the settlement was made, that Sewell, within a few days, was to send to the defendant the old notes held by the plaintiff, to be transferred and assigned to defendant, and that this was the consideration for which he executed the notes.

It was without dispute that at the time the check was given the plaintiff held three notes of the Rice Hardware Company evidencing indebtedness of $500, $100, and $161, respectively, and that Sewell, who was in the employ of a collecting agency of Memphis, Tenn., and representing the plaintiff procured from defendant the execution of the check and the two notes to cover said indebtedness.

The defendant insisted that Sewell agreed, in consideration of the execution of the check and notes, to forward from Memphis within a few days the three notes of the hardware company, transferred and assigned to defendant, and that Sewell had not complied with this agreement when the check became due March 3d. Sewell, as witness for the plaintiff, denied that any such agreement had been made, but insisted that the old notes were to be canceled, and that when he returned to Memphis he had them so marked by the plaintiff's cashier, though they had not been delivered to the defendant. Sewell further testified that his agreement with defendant was "to cancel the notes or return them," and that he did "exactly as he had agreed to do."

[1] The defendant testified that in the settlement with Sewell, resulting in the execution of the check and notes of February 11th, Sewell made an effort to have the defendant include the sum of $69 expenses, which defendant refused to do. The defendant offered in evidence a letter written him by Sewell, bearing date subsequent to the alleged settlement, and inclosing a blank note in the sum of $69.50, to be executed by the Rice Hardware Company, and requesting that the same be indorsed by the defendant personally, promising to send to defendant the old note. Plaintiff's objection to the introduction of this testimony was overruled, and upon this action of the court is based the first assignment of error. We are of the opinion that this was relevant testimony, in connection with the insistence on the part of the defendant above referred to, and as tending to show a violation on plaintiff's part of the agreement to transfer the old notes, as testified to by the defendant.

[2] On cross-examination of the defendant the plaintiff asked the witness who owned the capital stock of the corporation, the witness having previously testified that the Rice Hardware Company was a corporation with a paid-up capital stock of $5,000. We find nothing in the action of the court sustaining the objection to this question which would call for reversal of the cause. If the purpose was merely to show the defendant's interest in the Rice Hardware Company, that seems to have been sufficiently shown in the proof that he was president of the corporation, and by the undisputed testimony that he executed the check which is the subject of this controversy and the two notes payable to plaintiff, on his individual responsibility in settlement of an indebtedness of the said corporation. We can see no other purpose to be served by the question.

The cause was tried upon oral testimony before the court without a jury, and the evidence was in sharp conflict. We are unwilling to disturb the conclusion of the court on the facts of the case. We find no reversible error, and the judgment of the court below will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SAYRE, JJ., concur.